[Doc. No. 15]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MARIO P. CINCERELLA,<br><br>          Plaintiff,<br><br>     v.<br><br>EGG HARBOR TOWNSHIP POLICE DEPARTMENT, et al.,<br><br>          Defendants. | Civil No. 06-1183(RBK) |

**OPINION AND ORDER**

This matter is before the Court on plaintiff's "Motion to Amend Complaint" [Doc. No. 15] to name five additional individuals as defendants: Gary Rzemyk, Charles Davenport, Edward Bertino, Paul Roden and Casey Simerson. Defendants oppose the motion. The Court exercised its discretion to decide plaintiff's motion without oral argument. See Fed. R. Civ. P. 78 and L. Civ. R. 7.1(b)(4) and 78.1. For the reasons to be discussed, plaintiff's motion is GRANTED.

Background

On March 13, 2004, plaintiff was a passenger in a vehicle when it was pulled over by Egg Harbor Township Police Department ("EHTPD") Detective Gary Rzemyk. (Rzemyk Aff. 1). Plaintiff alleges that after the vehicle stop the EHTPD improperly and unlawfully ran his information in an NCIC search. (Compl. 2). Plaintiff was subsequently arrested on March 14, 2004 by proposed

defendants, EHTPD Patrolmen Charles Davenport, Paul Roden and Edward Bertino, for purportedly failing to make child support payments and for hindering apprehension.  Id.  In addition, plaintiff alleges that Casey Simerson was the dispatcher who performed the NCIC search leading to his alleged unlawful arrest. Plaintiff alleges that his arrest was wrongful and unlawful because his child support payments were current on the date of his arrest and because the Patrolmen illegally and improperly entered his residence by climbing onto an enclosed patio deck and entering through a sliding glass door.  Id. at Count I, ¶¶3-4.  Plaintiff further alleges that defendants acted willfully and maliciously to deprive him of his liberty, to physically and psychologically injure him, and to publicly humiliate and disparage him.  Id. at Count I, ¶8.  Plaintiff claims that the Egg Harbor Township Chief of Police and Police Department failed to adequately control and discipline the proposed new individual defendants and directly or indirectly approved of their behavior.  Id. at Count III, ¶7. Additionally, plaintiff claims that the State of New Jersey, as Supervisor of the Atlantic County Probation Department Child Support Unit, improperly issued a warrant for child support payments that he did not owe.  Id. at Count IV, ¶3.

   Plaintiff filed this wrongful arrest action on March 14, 2006. In plaintiff's original complaint he named as Defendants the EHTPD, the State of New Jersey, the Chief of Police John J. Coyle, and

John Doe Probation Officers (1-10). <u>Id</u>. at 1. Defendants answered plaintiff's complaint on May 31, 2007. It appears that all of the proposed individual defendants have already been deposed by plaintiffs.

<u>Discussion</u>

Plaintiff's motion is governed by Fed. R. Civ. P. 15(a), which states:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served. Otherwise, a party may amend the party's pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.

Leave to amend a pleading is "within the discretion of the District Court," but denying a motion to amend without any justifying reason "is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules." <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962); <u>Rolo v. City Investing Co. Liquidating Trust</u>, 155 F.3d 644, 654 (3d Cir. 1998), <u>abrogated on other grounds</u>, <u>Forbes v. Eagleson</u>, 228 F.3d 471 (3d Cir. 2000). Unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment," leave to amend should be "freely given." <u>Foman</u>, 371 U.S. at 182; <u>Long v. Wilson</u>, 393 F.3d

3

390, 400 (3d Cir. 2004); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

Leave to amend a complaint should only be denied because of undue delay if the delay causes the non-moving party to be prejudiced. "It is well-settled that prejudice to the non-moving party is the touchstone for the denial of an amendment." Cornell & Co., Inc. v. Occupational Safety and Health Review Commission, 573 F.2d 820, 823 (3d Cir. 1978); accord Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330-31 (1971); Kerrigan's Estate v. Joseph E. Seagram & Sons, 199 F.2d 694, 696 (3d Cir. 1952). Even if the moving party does not explain the reason for delay, "such delay itself will not serve as a basis for denying [the] motion unless the defendant is prejudiced." Jenn-Air Products Co. v. Penn Ventilator, Inc., 283 F.Supp. 591, 594 (D.C. Pa. 1968); accord Leased Optical Departments-Montgomery Ward, Inc. v. Opti-Center, Inc., 120 F.R.D. 476, 479 (D.N.J. 1988). For example, in Boileau v. Bethlehem Steel Corp., the Third Circuit found that the District Court was wrong to deny a motion to amend that was filed ten years after the complaint was filed because there was no evidence of prejudice to the non-moving party. Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 939 (3d Cir. 1984)("discretionary procedural measures should be cautiously employed when denying a litigant her day in court").

A non-moving party is found to be prejudiced when it faces an

4

undue burden or difficulty in proceeding with the litigation. In order to claim prejudice, a party "must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the . . . amendments been timely." Leased Optical, 120 F.R.D. at 479 (citing Heyl & Patterson Int'l v F.D. Rich Housing, 663 F.2d 419, 426 (3d Cir. 1981)). Additionally, the Third Circuit has stated that "[p]rejudice under the rule means undue difficulty in prosecuting a lawsuit as a result of a change of facts or theories on the part of the other party." Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 (3d Cir. 1969). In Coventry v. U.S. Steel Corp., the Third Circuit did not find any evidence of prejudice because the "nature of the claim that [the plaintiff] sought to add by his amendment indicate[d] that no additional discovery would have been necessary" and that even if additional discovery had been required it "would not have been unduly burdensome since it would have concerned the same subject matter as an issue already in the case ... and about which discovery had previously occurred." Coventry v. U.S. Steel Corp., 856 F.2d 514, 519 (3d Cir. 1988).

In addition to prejudice to the non-moving party, a court may deny a motion to amend if the amendment is futile. As interpreted by the Third Circuit, "[f]utility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." In re Burlington Coat Factory Securities Litigation, 114

F.3d 1410, 1434 (3d Cir. 1997) (internal quotations omitted).  In determining whether an amendment is futile, "the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)."  Burlington, 114 F.3d at 1434 (citing 3 Moore's Federal Practice, ¶ 15.08[4], at 15-81 (3d ed. 2000)); accord Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000); Boerger v. Commerce Ins. Services, No. Civ. 04-1337 (JHR), 2005 WL 3235009, at *3 (D.N.J. Nov. 28, 2005).  The standard of review for a Rule 12(b)(6) motion "requires the court to accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the non-moving party."  Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989); accord Taliaferro v. Darby Tp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006); Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005).

Federal Rule of Civil Procedure 20(a) is also relevant to plaintiff's motion since it allows for the permissive joinder of parties. Rule 20(a) states that "[a]ll persons . . . may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action." As stated in Rule 20, for there to be a proper joinder, the claims must arise

6

out of the same transaction and also involve a question of law and fact common to both claims. Philadelphia Dressed Beef Co. v. Wilson & Co., 19 F.R.D. 198, 200 (E.D. Pa. 1956). The purpose of Rule 20 is to "promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits." 7 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d §1652, p. 395. Additionally, "Rule 20(a) is permissive in character" and "the court has discretion to deny joinder if it determines that the addition of the party under Rule 20 will not foster the objectives of the rule, but will result in prejudice, expense or delay." Id. Whether common transactions and questions of law and fact exist should be broadly interpreted. As the Supreme Court stated, "[u]nder the Rules, the impulse is toward entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." United Mine Workers of America v. Gibbs, 383 U.S. 715, 724 (1966).

Plaintiff's motion for leave to file an amended complaint to join five (5) new individual defendants will be granted because the amendment will not cause undue prejudice to defendants. Simply put, defendants will not face undue difficulty or hardship in defending this action as a result of the addition of the new parties. The joinder does not change the essential nature of plaintiff's claims, nor is the plaintiff introducing different

claims against the proposed defendants. All of plaintiff's claims arise out of the same transaction or occurrence.

Defendants argue that plaintiff should not be permitted to add new parties because plaintiff was aware of the additional parties and their roles in the incident when he filed his original complaint. (Defs.' Brf. in Opp'n to Pl.'s Mot. to Amend at 6). However, even though plaintiff may have been "aware" of the new parties, it was not until fairly recently that plaintiff completed the depositions of the individuals he is seeking to join. It was not imprudent for plaintiff to wait until after he conducted relevant depositions and learned the relevant facts to move to amend his complaint to join new parties. The mere fact that plaintiff's motion could have been filed earlier is not determinative on whether the proposed amendment should be granted. See Adams v. Gould, Inc., 739 F.2d 858, 869 (3d Cir. 1984)(the mere passage of time, without more, does not require that a motion to amend a complaint be denied); Deakyne v. Commissioners of Lewes, 416 F.2d 290, 300 n. 19 (3d Cir. 1969)(delay alone is an insufficient ground to deny an amendment). It is not unusual for pleadings to be amended long after a complaint is filed and even at the summary judgment stage of a case. Adams, 739 F.2d at 869. Indeed, amendments may be made during trial, after the close of testimony, or even after a judgment is entered. See 6A Wright, Miller & Kane, supra at §1494, pp. 51-52. Although plaintiff could

8

have moved to amend earlier, he promptly moved to amend his complaint after relevant depositions were taken. Accordingly, this Court finds that plaintiff's motion was not unduly delayed, the motion was not motivated by bad faith and there is good cause to grant the motion.

The Court disagrees with defendants' allegation that the new parties will face an undue hardship or difficulty as a result of the amendment. Defendants argue that the proposed defendants should have the right to "obtain counsel, conduct written discovery, [and] conduct depositions of the Plaintiff, his girlfriend, and her mother." (Defs. Brf. in Opp'n to Pl's. Mot. to Amend at 7). This Court agrees with defendants that the new parties should have this right and the Court will assure that the rights of the new parties are protected. Even though the new parties did not participate in the case since its inception, this Court will assure that they have a fair and adequate opportunity to prepare and present their defense. For example, defendants argue the new parties should have the right to question plaintiff, his girlfriend and Mary Moore about relevant issues. If the new parties want to re-depose these witnesses about relevant issues not already covered, they will be given that right. This issue will be discussed during the next status conference.

Since defendants will not incur undue prejudice as a result of the proposed amendment, any delay in the filing of plaintiff's

9

motion is not a sufficient reason to deny the amendment.  Prejudice is "the touchstone for the denial of an amendment," and without prejudice "delay itself will not serve as a basis for denying [the] motion."  <u>Cornell</u>, 573 F.2d at 823; <u>Jenn-Air</u>, 283 F. Supp. at 594. In the present case, approximately one year and three months passed between the time of the filing of the original complaint and the filing of plaintiff's motion.  Plaintiff asserts that the reason for the delay is that after discovery was conducted and the proposed individual defendants gave their testimony, "it appear[ed] that they must be named individually for their actions." (Pl.'s Mot. to Amend Compl. 3).  Defendants argue that the time that lapsed between the complaint and plaintiff's motion was too long and for this reason the motion should be denied.  (Defs.' Br. in Opp'n to Pls.' Mot. to Amend at 5-6).  However, other courts have granted leave to amend where a much longer delay existed.  <u>See</u> <u>Boileau</u>, 730 F.2d at 939.  In the present matter, the delay between the date the complaint was originally filed and the date plaintiff's motion was filed is not a sufficient reason in and of itself to deny the motion.

The only futility argument defendants raise and which this Court will address relates to Detective Rzemyk.  In order for an amendment to a complaint to be futile, it must "fail to state a claim upon which relief could be granted."  <u>Burlington</u>, 114 F.3d at 1434.  Defendants argue that the joinder of Detective Rzemyk is

10

futile because his only involvement with plaintiff was during the vehicle stop on March 13, 2004, and plaintiff testified in his deposition that he makes no claims about any events occurring on March 13, 2004.  (Defs' Br. in Opp'n to Pl.'s Mot. to Amend at 9).

In order to determine whether plaintiff's proposed amendment is futile, the Court must apply the standard for Rule 12(b)(6 motions.  This standard requires that the Court must accept as true all allegations presented in the proposed amended complaint and any reasonable inferences that can be drawn from them.  Rocks, 868 F.2d at 645.  Based on this standard, the proposed amendment to include Detective Rzemyk is not futile because the amended complaint alleges that Defective Rzemyk "caused" plaintiff to be arrested. See Complaint, First Count, at ¶¶ 3-4.  Further, plaintiff alleges that Detective Rzemyk participated in a "conspiracy with others" that resulted in his false arrest.  Id. at ¶6.  Plaintiff's motion as to Detective Rzemyk is not futile because the complaint contains allegations as to his involvement in plaintiff's arrest which if true could result in liability.

Conclusion

Accordingly, for all the foregoing reasons, it is hereby ORDERED this 6th day of September, 2007 that Plaintiff's Motion to Amend Complaint is GRANTED; and

IT IS FURTHER ORDERED that plaintiff shall file his amended complaint within seven (7) days of the date of the entry of

this Order and serve the complaint as expeditiously as possible; and

    IT IS FURTHER ORDERED that if requested by the attorneys for the new defendants plaintiff shall promptly make his entire non-privileged file available for their inspection.

                                   s/Joel Schneider
                                   JOEL SCHNEIDER
                                   United State Magistrate Judge