(Not for publication)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MARIO P. CINCERELLA, | : |
| Plaintiff, | : |
|  | : Civil No. 06-1183 (RBK) |
| v. | : |
|  | : **ORDER** |
| EGG HARBOR TOWNSHIP POLICE DEPARTMENT, et al. | : |
| Defendants. | : |

**KUGLER**, United States District Judge:

This matter comes before the Court on a motion by Defendants Egg Harbor Township Police Department ("the Police Department") and Chief of Police John J. Coyle ("Chief Coyle, collectively "Defendants") to dismiss the complaint of Plaintiff Mario P. Cincerella ("Plaintiff") pursuant to Federal Rule of Civil Procedure 37 for failure to provide discovery.  For the reasons set forth below, the Court will deny Defendants' motion, but will order Plaintiff to respond to Defendants' written discovery requests and award Defendants their costs and fees incurred in filing their motion to dismiss.

**I.      BACKGROUND**

Plaintiff filed his complaint on March 20, 2006 against Defendants, alleging violations of his constitutional rights in connection with his March 13, 2004 arrest.  On or about June 21, 2006, Defendants forwarded to Plaintiff two sets of interrogatories, one from the Police

1

Department and the other from Chief Coyle, as well as a request for production of documents from the Police Department.  Because Plaintiff did not respond to these written discovery requests, on or about October 3, 2006, Defendants forwarded them to Plaintiff a second time.  When Plaintiff still failed to respond to the requests, Defendants sent them to Plaintiff a third time on November 3, 2006.  After Plaintiff again failed to respond, on December 21, 2006, Defendants wrote the Honorable Joel Schneider seeking help.

As a result, on January 18, 2007, Plaintiff provided Defendants answers to the interrogatories propounded by the Police Department but still did not answer those propounded by Chief Coyle or respond to the Police Department's notice to produce.  On May 18, 2007, Defendants made a fourth request to Plaintiff for responses to their outstanding written discovery requests, to no avail.  On September 26, 2007, Defendants made a fifth request.  At an in-person status conference before Judge Schneider on November 19, 2007, counsel for Defendants again asked for Plaintiff's outstanding discovery responses from Plaintiff's counsel pursuant to Local Civil Rule 37.1(a)(1).  As of December 10, 2007, however, Plaintiff had still not provided any further response to Defendants' written discovery requests.  On December 11, 2007, Defendants filed the motion to dismiss now before the Court.  Plaintiff did not file an opposition to Defendants' motion.

## II.     STANDARD

Federal Rule of Civil Procedure 37(b)(2)(c) provides that when a party fails to obey a discovery order, the court may "dismiss[ ] the action or proceeding or any part thereof," and Rule 37(d) provides that if a party fails to appear for a deposition, serve answers or objections to interrogatories, or respond to requests for documents, "the court in which the action is pending

on motion may make such orders in regard to the failure as are just." Fed. R. Civ. P. 37.  In contemplating an order of dismissal, courts in the Third Circuit must consider the factors set forth in Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984).  Under Poulis, the Court must evaluate: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to respond; (3) a history of dilatoriness; (4) whether the conduct of the party was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense.  Id. at 868.  Each factor does not need to be met in order for dismissal to be warranted.  Id.

### III.   DISCUSSION

#### A.   Extent of Personal Responsibility

It is unclear whether Plaintiff or his counsel bears responsibility for the failure to respond to all of Defendants' written discovery requests.  Therefore, this factor is inconclusive.

#### B.   Prejudice

Defendants assert they have been hampered in their ability to defend this case because of Plaintiff's refusal to provide them with information, but it is unclear what information Plaintiff possesses with regard to this case that Defendants could not access through other means.  See Scarborough v. Eubanks, 747 F.2d 871, 877 (3d Cir. 1984).  For instance, Defendants are already in possession of Plaintiff's answers to the Police Department's interrogatories.  Moreover, Defendants have not indicated they could not obtain the information they sought from Plaintiff through a deposition.  This factor weighs against dismissal.

#### C.   History of Dilatoriness

Discovery requests were first served on Plaintiff in June 2006.  Following several more

attempts and after bringing the delay to the attention of Judge Schneider, Plaintiff answered the interrogatories of the Police Department, but still neglected to respond to the Police Department's notice to produce or Chief Coyle's interrogatories. On November 19, 2007, Judge Schneider ordered the parties to complete all discovery by August 31, 2007. As far as this Court is aware, Plaintiff has yet to complete responses to the balance of Defendants' written discovery requests. Nevertheless, there is no suggestion that Plaintiff has otherwise impeded the forward progress of this case. Therefore, this factor weighs somewhat in favor of dismissal.

###    D.    Willfulness or Bad Faith

Plaintiff's failure to respond cannot be deemed accidental or a mistake. There is no suggestion that Plaintiff was unaware of Judge Schneider's November 19, 2007 scheduling order or that Plaintiff did not receive Defendants' discovery requests on any of the five occasions they mailed them. Indeed, Plaintiff did finally answer the Police Department's interrogatories. Accordingly, this factor weighs in favor of dismissal.

###    E.    Alternative Sanctions

Dismissal is a drastic sanction, which is reserved for the most extreme cases. Poulis, 747 F.2d at 867-68. Despite Plaintiff's failure to respond to some of Defendants' written discovery requests, this case has been moving steadily forward for over two years. The Court can discern no reason why monetary sanctions would not be more appropriate than dismissal in this case. As a result, this factor militates against dismissal.

###    F.    Meritoriousness

It is possible that if the allegations in the pleadings could be established at trial they would support recovery by the Plaintiff. Consequently, this factor weighs against dismissal. See

Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 695 (3d Cir. 1988).

### IV.     CONCLUSION

Here, the Poulis factors weighing in against dismissal outbalance those weighing in favor. Therefore, the sanction of dismissal for failure to provide discovery is not warranted. Nonetheless, the Court will order Plaintiff to answer Defendants' outstanding written discovery requests on or before August 11, 2008.  The Court will further award Defendants their costs and fees incurred filing their motion to dismiss.  An accompanying Order shall issue today.


Dated: 7/24/08                                                                    s/ Robert B. Kugler
                                                                                      ROBERT B. KUGLER
                                                                                      United States District Judge