(Not for Publication)                          (Docket Entry No. 52)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| MARIO P. CINCERELLA, | |
| Plaintiff, | Civil No. 06-1183 (RBK) |
| v. | **OPINION** |
| EGG HARBOR TOWNSHIP POLICE DEPARTMENT, et al., | |
| Defendants. | |

**KUGLER**, United States District Judge:

Presently before the Court is a motion for summary judgment filed by defendant, the State of New Jersey ("the State"). The State argues that it is entitled to summary judgment because (1) all claims against it are barred by the Eleventh Amendment, and (2) the State is not a person for purposes of 42 U.S.C. § 1983. Because the Court finds that the claims against it are barred by the Eleventh Amendment, the State's motion, which the Court will treat as a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1),[1] will be granted.

---

[1] "[T]he Eleventh Amendment is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 694 n.2 (3d Cir. 1996). Therefore, a motion raising an Eleventh Amendment objection "may properly be considered a motion to dismiss the complaint for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1)." Id.

1

**I.   BACKGROUND**

On March 13, 2004, Plaintiff was a passenger in a motor vehicle that was stopped by members of the Egg Harbor Township Police Department.  Plaintiff alleges that after this stop, police performed an improper and illegal NCIC search on him.  The following day, Plaintiff was arrested pursuant to an outstanding warrant for unpaid child support and incarcerated overnight at the Atlantic County Justice Facility.

On March 14, 2004, Plaintiff filed this action against the State and numerous other defendants.  In Plaintiff's amended complaint, filed on September 12, 2007, he alleges that the State improperly issued a warrant for child support payments, in violation of his rights under the United States and New Jersey Constitutions.  (Amended Complaint, Fourth Count.)  On September 29, 2008, the State filed the motion now before the Court.

**II.   DISCUSSION**

Plaintiff's claims against the State are barred by the Eleventh Amendment to the United States Constitution, and therefore, they must be dismissed.  The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. CONST. amend. XI.  "[T]he Eleventh Amendment . . . has been interpreted to render states . . . generally immune from suit by private parties in federal court."  Pa. Fed'n of Sportsmen's Clubs, Inc. v. Hess, 297 F.3d 310, 323 (3d Cir. 2002).  There are, however, three exceptions to Eleventh Amendment immunity: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law."  Id.

Here, none of the exceptions to Eleventh Amendment immunity applies, and therefore Plaintiff's claims against the state must be dismissed. The first exception does not apply because 42 U.S.C. § 1983 did not abrogate states' sovereign immunity. See Quern v. Jordan, 440 U.S. 332, 338-41 (1979). The second exception does not apply because the State of New Jersey has not waived its immunity to suit in federal court. See, e.g., Garcia v. Richard Stockton Coll. of N.J., 210 F. Supp. 2d 545, 549-550 (D.N.J. 2002). The third exception does not apply because Plaintiff has sued the State, not individual state officers, and he is seeking monetary, not injunctive relief.

**IV.  CONCLUSION**

For the foregoing reasons, the State's motion is granted and all claims against the State are dismissed. An accompanying order shall issue today.


Dated:   1-30-09                          /s/ Robert B. Kugler
                                         ROBERT B. KUGLER
                                         United States District Judge