NOT FOR PUBLICATION (Docket No. 89)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

_____
:
MARIO P. CINCERELLA, :
:
        Plaintiff, : Civil No. 06-1183 (RBK/JS)
:
        v. : **OPINION**
:
EGG HARBOR TOWNSHIP POLICE :
DEPARTMENT, et al., :
:
        Defendants. :
_____ :

**KUGLER**, United States District Judge:

    This action arises out of the arrest and detention of Plaintiff Mario P. Cincerella on March 14, 2004. Plaintiff originally filed suit against Defendants Egg Harbor Township Police Department, the State of New Jersey, Chief of Police John J. Coyle, and John Does Probations Officers (1-10). The Honorable Magistrate Judge Joel Schneider granted Plaintiff leave to amend the original complaint whereupon Plaintiff added Defendants Gary Rzemyk, Charles Davenport, Edward Bertino, Paul Roden, and Casey Simerson. See Cincerella v. Egg Harbor Twp. Police Dep't (Cincerella I), No. 06-1183, 2007 WL 2682965 (D.N.J. Sept. 6, 2007). In previous decisions in this matter, this Court dismissed all defendants except Davenport, Roden, and Bertino (the Defendants).[1] See Cincerella v. Egg Harbor Twp. Police Dep't (Cincerella II),

---

[1] Even though the Court dismissed all claims against the State of New Jersey in Cincerella II, a lingering cross claim by the State of New Jersey for contribution and indemnification still exists against Egg Harbor Township, Chief of Police John J. Coyle, and

1

No. 06-1183, 2009 WL 235643 (D.N.J. Jan. 30, 2009); Cincerella v. Egg Harbor Twp. Police Dep't (Cincerella III), No. 06-1183, 2009 WL 792489 (D.N.J. Mar. 23, 2009).

Presently before the Court is the Defendants' Motion for Summary Judgment (Docket No. 89) based on a statute of limitations defense.  Because the Court finds that Plaintiff's failure to name the Defendants in the original Complaint was not the result of a mistake of identity, Defendants' motion is granted and the case is dismissed.

**I.     BACKGROUND**

Since the Court has already addressed the facts underlying this dispute at length in a previous opinion, see Cincerella III, 2009 WL 792489, at *1-2, the facts recited here are only those relevant to the pending motion.

Plaintiff was originally arrested and purportedly injured on March 14, 2004.  Two years later on March 16, 2006, he filed suit against Egg Harbor Township Police Department, the State of New Jersey, Chief of Police John J. Coyle, and John Does Probations Officers (1-10).  The parties do not dispute that the statute of limitations began to run on March 14, 2004 and ended two years later on March 16, 2006.  See Cincerella III, 2009 WL 792489, at *6.  The original Complaint was therefore timely filed.

The parties also do not dispute that the original Complaint did not name Edward Bertino, Paul Roden, or Charles Davenport as defendants, nor did it name any John Doe Police Officers. Notwithstanding, Count One of the original Complaint contained the following allegation: "Plaintiff was falsely arrest, detained, and imprisoned by Patrolmen [] Charles Davenport, Paul

---

John Does Probations Officers (1-10).  Because the disposition of the pending motion concludes all remaining claims, the cross-claim is dismissed as moot.

Roden and Edward Bertino . . . ." Compl. at ¶ 5. It further stated: "The conduct of Patrolmen [] Charles Davenport, Paul Roden and Edward Bertino . . ., acting individually and in conspiracy with others, resulted in Plaintiff being falsely arrested, maliciously and unlawfully arrested and detained . . . ." Compl. at ¶ 6.

On June 22, 2007, Plaintiff moved to amend the Complaint to add Gary Rzemyk, Charles Davenport, Edward Bertino, Paul Roden, and Casey Simerson as new defendants. Judge Schneider granted the motion on September 6, 2007, noting that even though Plaintiff was "aware" of the defendants when he originally filed the Complaint, the motion was proper because Plaintiff waited until he completed relevant depositions and learned relevant information before seeking to add more parties. After Plaintiff filed the Amended Complaint on September 12, 2007, the Defendants moved for summary judgment on September 15, 2008. Docket Nos. 39, 40. Defendants argued that the claims against them were barred by New Jersey's two year statute of limitations. Docket No. 40 at 21-24. Plaintiff countered by arguing that Judge Schneider ruled on the statute of limitations issue when he granted the motion to amend. Docket No. 59-3 at 2.

On March 23, 2009, this Court ruled that Judge Schneider's opinion and order did not address the statute of limitations.[2] Cincerella III, 2009 WL 792489, at *6. The Court further held that the Amended Complaint might relate back to the original date of filing if it satisfied Federal Rule of Civil Procedure 15(c)(1)(C). Id. at *7. However, because neither the Plaintiff

---

[2] The Third Circuit has explained that inquiries under Rule 15(a) and under Rule 15(c), while "obviously related," are "conceptually distinct." Arthur v. Maersk, Inc., 434 F.3d 196, 202-03 (3d Cir. 2006). Thus, simply because Judge Schneider granted leave to amend under Rule 15(a) does not mean that his decision also determined the Rule 15(c) issue.

nor the Defendants had adequately addressed Rule 15, specifically whether the Defendants had sufficient notice of the original Complaint, the Court denied summary judgment. Id.

Thus, on August 14, 2009, the Defendants again filed for summary judgment raising the statute of limitations defense, fully briefing Rule 15 (Docket No. 89). Between the Court's March 23 opinion and the Defendants' August 14 filing, the Defendants also took the deposition of the Plaintiff on March 29, 2007.

Among the many disclosures in the March deposition, Plaintiff revealed that he "knew every one of [the Defendants]" when they arrested him on March 14, 2004. Def. reply br., Ex. D at 62:8-10. Plaintiff said that he knew them because "they come through the neighborhood, they say hi." Def. reply br., Ex. D at 62:15-16. As to Officer Bertino, Plaintiff said that he knew his name specifically because "I seen it on his nametag" when Plaintiff was arrested. Def. reply br., Ex. D at 141:5. Plaintiff also revealed that he knew it was Bertino and Roden who put his hands behind his back and it was Officer Bertino's handcuffs that were used to restrain him. Def. reply br., Ex. D at 145:20-25, 146:1-12. Finally, Plaintiff further revealed that his hand was injured when he was placed in the police car, though he was not sure which officer put him in the car. Def. reply br., Ex. D at 152:1-25, 153:1.

Plaintiff responded to the new Motion for Summary Judgment on August 31, 2009 and the Defendants replied on September 4, 2009.

## II.  STANDARD

Summary judgment is appropriate where the court is satisfied that "there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A genuine issue of material fact exists "if the evidence is such that a reasonable

jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  "In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (quoting Anderson, 477 U.S. at 255).

"[T]he party moving for summary judgment under Fed.R.Civ.P. 56(c) bears the burden of demonstrating the absence of any genuine issues of material fact." Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996).  The moving party may satisfy its burden either by "produc[ing] evidence showing the absence of a genuine issue of material fact" or by "'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  If the moving party satisfies its burden, the nonmoving party must respond by "set[ting] out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  "If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party." Id.

**III.   DISCUSSION**

Defendants contend that under Rule 15, the Amended Complaint does not relate back to the date of the original Complaint because Plaintiff failed to meet all of the requirements under Rule 15(c)(1)(C). Def. br. at 4.  While Defendants concede that the Amended Complaint arises out of the same conduct, transaction, or occurrence as the original Complaint, and concede that whether they had notice of action within the requisite time period is genuinely in dispute, Defendants proffer that relation back is improper because Plaintiff's failure to name them as

parties was not the result of a mistake of identity.  Def. br. at 5-6.  Plaintiff counters that there was a mistake of identity and he named the Egg Harbor Township Police Department to encompass the Defendants because he was "unsure and uncertain about which officer committed which specific acts."  Pl. br. at 6.  Based on the evidence in the record, the Court finds that Plaintiff cannot meet the elements of Rule 15 for relation back.

      Under Rule 15, an amendment to a pleading relates back to the date of the original pleading for statute of limitations purposes if three conditions are met: 1) "the claims in the amended complaint must arise out of the same occurrences set forth in the original complaint," 2) the party to be brought in by amendment must have received notice of the action within 120 days of its institution," and 3) "the party to be brought in by amendment must have known that the action would have been brought against the party but for a mistake concerning its identity."  Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006) (citing Fed. R. Civ. P. 15(c)).  For an amendment to relate back, all three conditions must be satisfied.  Nelson v. County of Allegheny, 60 F.3d 1010, 1014 (3d Cir. 1995), cert. denied sub nom. Beddingfield v. Allegheny County, 516 U.S. 1173 (1996).

      This Court previously denied summary judgment because neither Plaintiff nor the Defendants had sufficiently addressed the notice requirement.  In the present motion for summary judgment, the Court is convinced that whether the Defendants had notice of the original Complaint within 120 days of its filing (which would have been approximately on or before July 14, 2006) is genuinely in dispute.  Defendant Roden certifies that he first received notice of the suit on December 29, 2006.  Def. br., Ex. D at 2, ¶ 4.  Defendant Bertino certifies that he was not aware of the suit anytime before July 14, 2006.  Def. br., Ex. G at 2, ¶ 7.  Defendant Davenport

similarly certifies that he was not aware of the suit anytime before July 14, 2006.  Def. br., Ex. H. at 2, ¶ 8.  On the other hand, Plaintiff testified at his deposition that he confronted Defendant Bertino in Christi's Bar about the suit sometime between March 2006 and July 20, 2006.  Def. br., Ex. F at 5:18-23.  Plaintiff further testified that Defendants Davenport and Roden were within four feet of the conversation.  Def. br., Ex. F at 19:21-25, 20:1-10.  Plaintiff also testified that he told Bertino about the suit during a traffic stop, and also told Davenport about the suit during a different traffic stop.  Def. br., Ex. F. at 30:24-25, 31:1-4; 34:8-12.  These certifications and Plaintiff's testimony are sufficient to create a genuine issue of material fact.

However, the Defendants' failure to support their summary judgment motion as to the notice condition is not fatal.  As noted, Plaintiff must satisfy all three conditions under Rule 15(c) for relation back.  See Nelson, 60 F.3d at 1014.

To satisfy the third condition, the Plaintiff must show a mistake of identity.  Arthur, 434 F.3d at 203; see also Nelson v. Adams USA, Inc., 529 U.S. 460, 467 n.1 (2000) ("[Rule 15(c)(3)] applies only in cases involving 'a mistake concerning the identity of the proper party.'"). Mistake of identity occurs in two situations: 1) when the plaintiff misdescribes the defendant (a "misnomer"), and 2) when the plaintiff lacks knowledge about the proper defendant is.  See Arthur, 434 F.3d at 208.  A mistake of identity does not occur, however, when "at the time of filing his initial complaint, the plaintiff knew of the identity and possible role of" the proposed defendants.  Richardson v. John F. Kennedy Mem'l Hosp., 838 F. Supp. 979, 987 (E.D. Pa. 1993) (citing Kress v. Hall-Houston Oil Co., No. 92-543, 1993 WL 166274, at *4 (D.N.J. May 12, 1993); Rhyder v. Santos, No. 91-2920, 1992 WL 25863, at *2 (E.D. Pa. Feb. 5, 1992)).

Put another way, an amended complaint does not relate back under Rule 15(c) if "the

plaintiff had been aware of the identity of the newly named parties when she filed her original complaint and simply chose not to sue them at that time." Garvin v. City of Philadelphia, 354 F.3d 215, 221 (3d Cir. 2003). This principle has been repeatedly affirmed. See Burgos v. Philadelphia Prison Health Sys., No. 08-1179, 2009 WL 2710240, at *5 (E.D. Pa. Aug. 26, 2009); Buchanan v. West Whiteland Twp., No. 08-0462, 2008 WL 4613078, at *2 (E.D. Pa. Oct. 15, 2008); McKenna v. City of Philadelphia, 511 F. Supp. 2d 518, 526 (E.D. Pa. 2007); Laboy v. Doe, No. 02-248, 2004 WL 2980731, at *2 (D. Del. Dec. 17, 2004); Richardson, 838 F. Supp. at 987; Kress, 1993 WL 166274, at *4; Great Ne. Lumber & Millwork Corp. v. Pepsi-Cola Metro. Bottling Co., 785 F. Supp. 514, 516 (E.D. Pa. 1992); Curry v. Johns-Mansville Corp., 93 F.R.D. 623, 626-27 (E.D. Pa. 1982). These cases highlight the purpose of Rule 15(c), which is to ameliorate the effect of statutes of limitations, but not to save "the claims of complainants who have sat on their rights." See Nelson, 60 F.3d at 1015.

In this case, Plaintiff's amended complaint does not relate back because he cannot show a mistake of identity. Plaintiff's deposition shows that at the time of his arrest, he specifically knew the names of the officers who purportedly violated his rights. His is not the case where a plaintiff is disadvantaged by being attacked by unknown police officers whose identity the plaintiff cannot timely discover. Compare Singletary v. Pennsylvania Dep't of Corrections, 266 F.3d 186, 190 (3d Cir. 2001) ("[A] person who was subjected to excessive force by police officers might not have seen the officers' name tags, and hence would likely need discovery to determine the names of his attackers . . . ."), with Def. reply br., Ex. D at 141:5 (Plaintiff's testimony that he knew Officer Bertino's identity because "I seen it on his nametag"). Plaintiff knew the Defendants' identities for two years (and even named them in the body of the original

Complaint), but chose not to act on that information.

Plaintiff's claim that he did not file suit against them because he was unsure "about which officer committed which specific acts," Pl. br. at 6, is unavailing. He specifically knew their identities, and based on his deposition, generally–if not specifically–knew each Defendants' "possible role." See Richardson, 838 F. Supp. at 987. This is simply is not a mistake of identity as required by Rule 15(c). Since Defendants have met their burden of showing no genuine issue of material fact as to mistake of identity, and since Plaintiff has not produced any evidence showing a genuine dispute exists, summary judgment for the Defendants is proper.

Therefore, the Court grants the Defendants' Motion for Summary Judgment and the case against them is dismissed as untimely. Since the claims against Defendants Davenport, Bertino, and Roden are the only remaining claims, the State of New Jersey's cross claim is dismissed as moot. Finally, because no claims remain in this matter, Docket No. 06-1183 is closed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is GRANTED and the case against them is DISMISSED. The State of New Jersey's cross claim is DISMISSED as moot. Finally, Docket No. 06-1183 is CLOSED.


Dated:  10-28-09                                         /s/ Robert B. Kugler
                                                         ROBERT B. KUGLER
                                                         United States District Judge